SMITH, Respondent, v. SLETTEN, et al, Appellants.

(216 N. W. 945.)

(File No. 6526. Opinion filed December 31, 1927.)

Otto L. Kaas, of Britton, for Appellants.
McNulty, Williamson & Smith, of Aberdeen, for Respondent.

MISER, C. Appellant demurred to respondent's complaint on the ground that it did not state a cause of action. This appeal is

from the order overruling the demurrer. We are of the opinion that the complaint stated a cause of action under the final sentence in section 8990, R. C. 1919. We therefore omit those allegations purporting to state liability under the first sentence of section 8990. This section is as follows:

"Every officer and director of any bank shall be held personally liable for all excessive loans made by his bank, in such amount as such loan may be in excess of the amount limited by law, and his liability thereon shall be the same as though such paper was indorsed by him, but to the extent only of the excessive amount. He shall also be held personally liable for all overdrafts allowed by his bank."

Inasmuch as the only claimed defect in the complaint is that it contains no sufficient allegation of liability, we summarize only those allegations dealing with liability. Of the allegations dealing with liability, we omit, for the sake of brevity, some that pertain to liability, under section 8957, and the first sentence or division of section 8990. Even thus reduced, the complaint alleges that the Farmers' State Bank of Pierpont had been closed on July 16, 1926, by plaintiff, as superintendent of banks, respondent herein, and is being liquidated; that the Farmers' Home Bank of Lily had been closed by plaintiff on July 30, 1923, and is being liquidated; that defendants and appellants, at all times in the complaint mentioned, were stockholders, directors, and the active officers in full charge and control of the management of the Pierpont bank and of the conduct of its affairs; that at no time after April 1, 1922, did said bank of Lily have any deposit with the bank of Pierpont; that, on numerous occasions from April 1, 1922, to July 30, 1923, said bank of Lily drew drafts on the bank of Pierpont to pay the obligations of the bank of Lily; that the bank of Pierpont wrongfully and unlawfully paid said drafts, notwithstanding the fact that the bank of Lily had at said times no deposit whatever in or funds on hand with the bank of Pierpont subject to withdrawal, and that said transaction created and constituted an overdraft in the Pierpont bank which, at the time of the closing of the bank of Lily and at the time of the closing of the bank of Pierpont, amounted to and still constitutes an overdraft of $26,036.62, none of which has been repaid; that each of the defendants had full knowledge of and participated in the wrongful and unlawful ad-

vancement of said sum, and thereby the bank of Pierpont, its depositors, creditors, and the plaintiff have lost said sum and been damaged in the sum of $24,036.62.

Inasmuch as the complaint clearly states a cause of action, basing liability on the closing sentence of section 8990, the learned trial judge was clearly right in overruling appellant's demurrer.

The points urged by appellant as to whether the complaint stated liability, under section 8980, after its amendment by chapter 114, S. L. 1923, and the extent of the change made by said amendment, and the point raised by respondent as to whether the amendment of 1923 became effective on the date of its approval or 90 days after the adjournment of the session are all interesting. In view of the extent of the period covered by the allegations of wrongdoing, it is doubtful, however, whether they are raised by this demurrer. In any event, the complaint having stated a cause of action under the closing sentence of section 8990, the order overruling the demurrer should be and is affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.